# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL RAY HUGHES,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 2:09-CV-02381-KJD-LRL

**ORDER**

    Currently before the Court is Defendants Clark County Detention Center, Sheriff Douglas Gillespie, Las Vegas Metropolitan Police Department's ("METRO") (referred to jointly herein as "LVMPD Defendants") Motion to Dismiss (#5), to which Defendants Correctional Officer Neville ("C.O. Neville" or "Neville") (#6), and Nevada Department of Corrections ("NDOC") (#7) filed Motions for Joinder. Plaintiff filed a Response in Opposition (#9), to which Defendants filed Replies and Joinder Motions (##15, 16). Also pending before the Court is Defendant NDOC's Motion to Dismiss (#8). Plaintiff filed a Response in Opposition (#11), to which the Defendants filed Replies (##15, 16).

## I. Background

Plaintiff filed the instant action in state court while representing himself, *pro se*. The Complaint was received by the Eighth Judicial District Court of Nevada on March 2, 2009, and marked filed by the clerk on March 20, 2009. Plaintiff subsequently, through counsel, filed a First Amended Complaint ("FAC") on December 4, 2009. The FAC brings five claims for relief for: (1) violations of 42 U.S.C. § 1983; (2) violations of 42 U.S.C. § 1985(3); (3) Assault; (4) False Imprisonment; and (5) Intentional Infliction of Emotional Distress. The LVMPD Defendants removed the case to federal court on December 17, 2009.

Plaintiff's FAC alleges that Defendants violated his federal rights while he was an inmate at Clark County Detention Center ("CCDC"). Plaintiff avers *inter alia* that while incarcerated at CCDC, he witnessed C.O. Neville engage in a variety of activities that violated CCDC policies. Plaintiff alleges that when he reported these activities to C.O. Neville's supervisor, C.O. Neville retaliated against him. Amongst other allegations, Plaintiff claims that C.O. Neville announced in front of approximately 65 other inmates that Plaintiff was a "snitch", encouraging inmates to threaten and physically harm the Plaintiff. Plaintiff also alleges that C.O. Neville made other inmates surround and intimidate Plaintiff, that Plaintiff was sent "to the hole" (solitary confinement) without reason, and that C.O. Neville and others destroyed his personal legal materials. (FAC at ¶¶ 20–36.) Additionally, Plaintiff alleges that C.O. Neville intimidated Plaintiff by using members of the Aryan Warriors ("A.W.") prison gang to effectuate threats against Plaintiff, and informed Plaintiff that he was connected to the A.W.'s and that the A.W.'s have a presence in all Nevada Prisons. (FAC at pg 6.)

Plaintiff also avers that he submitted a complaint regarding C.O. Neville to the internal affairs division of the LVMPD and that internal affairs sustained his complaint. (See #5, Ex. C.) Plaintiff submitted the internal affairs complaint on February 13, 2007, and in the complaint, identified November 13, 2006, as the pertinent date for his allegations of unconstitutional conduct. (Id.)

2

Defendants seek that the Court dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Defendants argue that Plaintiff's claims for relief are barred by the statute of limitations. Additionally, to the extent Plaintiff seeks to toll the limitations period via the Prison Litigation Reform Act ("PLRA") Defendants aver that Plaintiff's claims fail because Plaintiff did not exhaust his administrative remedies.

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

3

omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

**III. Analysis**

As stated above, Defendants aver that Plaintiff's claims for relief were not filed within the applicable limitations period.  Additionally, NDOC argues that the Complaint fails to state a claim against it, because Plaintiff cannot sue NDOC under Section 1983, as NDOC is not a person.  Because the Court finds the administrative remedies issue to be dispositive, it reserves ruling on NDOC's additional Section 1983 argument.[1]

**A. Statute of Limitations**

The Nevada statute of limitations for personal injury claims is two years.  See N.R.S. § 11.190(4)(e).  Furthermore, 42 U.S.C. §§ 1983 and 1985 are governed by the state's statute of limitations for personal injury.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985)(finding Section 1983 best characterized as personal injury claims and governed by the encompassing state's personal injury statute of limitations period).

As stated above, Defendants allege that because Plaintiff has stated that the pertinent date for his allegations of unconstitutional conduct was November 13, 2006, pursuant to N.R.S.§ 11.190(4)(e) he had until November 13, 2008, to file his Complaint applicable to both his federal and state law claims.  Plaintiff, in opposition, avers that the statute of limitations should be tolled for the time in which Plaintiff was pursuing administrative remedies.  Plaintiff also alleges that the limitations period does not preclude his claims because he "continues to suffer damages from the Defendants' ongoing tortious conduct." (#9 at 3.)  Plaintiff also avers that equitable tolling of the limitations period is warranted here because Defendants' actions hindered Plaintiff from accessing judicial and legal resources.

---

[1]Accordingly, the Court recognizes NDOC's Joinder to Defendant's Motion to Dismiss, NDOC's Motion (#8) is dismissed, as moot, as per the Court's ruling regarding Plaintiff's failure to exhaust administrative remedies.

4

**1. Exhaustion of Administrative Remedies**

As stated above, Plaintiff argues that the statute of limitations period should be equitably tolled because Plaintiff "diligently attempted to exercise all administrative remedies before filing the present action." (#9 at 9.)

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Under this Rule, prisoners must complete the prison's administrative grievance process regardless of the relief offered. Booth v. Churner, 532 U.S. 731, 741 (2001). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 741. According to the Supreme Court, the purpose of section 1997e(a) was to "reduce the quantity and improve the quality of prisoner suits . . . [to] afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524–25 (citing Booth v. Churner, 532 U.S. at 737). If the district court concludes that an inmate has failed to exhaust nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. See Ritza v. Int' Longshoremen's & Warehousemen's Union, 837 F.2d at 368 n. 3 (9th Cir. 1988).

The Supreme Court recently reaffirmed that the Prison Litigation Reform Act of 1995 requires a prisoner to exhaust any and all available administrative remedies before filing a case in federal court. Woodford v. Ngo, 126 S.Ct. 2378, 2380 (2006). Specifically, in Woodford v. Ngo, the court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. The Woodford court also held that "the PLRA exhaustion requirement requires proper exhaustion," stating that were the PLRA not to require proper exhaustion, "a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then

5

rejects the grievance as untimely, the prisoner could proceed directly to federal court." Id. at 2387, 2389.

NDOC has established an administrative grievance system for prisoner complaints. Under Administrative Regulation 740 (AR 740), in order to exhaust administrative remedies, an inmate must complete three levels of review, one informal, and two formal. See Schutts v. Chaffee, 2008 WL 822252 at *3 (D. Nev. March 26, 2008)(internal citation omitted). Under AR 740 an inmate may file an initial grievance, and if dissatisfied with the response he or she receives, the inmate may appeal to the next (or formal) level of review. Id. Each subsequent level of grievance is reviewed by a higher level within the NDOC organizational structure. At the first level, the grievances are reviewed by the Warden, and at the second level, grievances are reviewed by Central Department of Corrections Administrators. In order to exhaust the grievance procedure, an inmate is required to follow all three levels of review. Additionally, pursuant to AR 740, an inmate is required to file an informal grievance within six months if the issue involved personal injury, medical claims, or any other tort claims. Id.

Here, Plaintiff alleges that he "diligently attempted to exercise all administrative remedies before filing the present action." (See #9 at 9.) Specifically, Plaintiff refers to the allegations of his initial Complaint, and attaches exhibits relating to the fact that he filed a complaint against C.O. Neville with Neville's supervisor, but said supervisor (Robinson) failed to take any action. Plaintiff also avers that he exhausted his administrative remedies by "initiat[ing] contact with CCDC's Intel Unit and worked with that unit to obtain relief." (#9 at 10.) Plaintiff also states that he "took steps to institute an IA investigation in Neville and Robinson's illegal conduct." (Id.) In reference to these actions, Plaintiff states that he "began pursuing his available administrative remedies, to no avail", and alleges that "considering the Plaintiff's pursuit of administrative remedies before initiating the present lawsuit, it is evident that the full extent of the harm was not realized until after the expiration of the two-year limitations period." (#9 at 11.) The Court does not agree.

1   Though the record demonstrates that the Plaintiff took some action to report C.O. Neville's
2   conduct, and to report what Plaintiff felt was unfair treatment while incarcerated, there is nothing in
3   the record to suggest that Plaintiff followed NDOC's well-established administrative grievance
4   system for prisoner complaints in compliance with Administrative Regulation 740 and the Prison
5   Litigation Reform Act.  There is no evidence that Plaintiff brought proper grievances or even
6   attempted to receive the requisite three levels of review pertaining to the allegations he brings in his
7   Complaint.[2]

8   While the Court is sympathetic to the Plaintiff's allegations, it cannot grant him the relief he
9   seeks because he has failed to follow the established channels for obtaining administrative relief.[3]
10  Moreover, it is not enough that Plaintiff "began pursuing", or was in the "pursuit of" seeking
11  administrative remedies. (#9 at 10–11.) The Prison Litigation Reform Act requires a prisoner to
12  exhaust any and all available administrative remedies before filing a case in federal court. Woodford
13  v. Ngo, 126 S.Ct. at 2380.  Accordingly, while it may be true that the effective statute of limitations
14  for Plaintiff's claims should be tolled pursuant to Plaintiff's pursuit of administrative remedies, see
15  e.g. Wisenbaker v. Farwell, 341 F.Supp.2d 1160, 1165 (D. Nev. 2004), Plaintiff here, has not
16  overcome Defendants' allegations that he failed to exhaust said remedies.  Accordingly, because
17  Plaintiff's allegations of proper exhaustion do not conform with the NDOC's administrative
18  grievance system, all argument regarding the tolling of the statute of limitations is rendered moot.
19  Accordingly, Plaintiff's claims fail, and his case is dismissed without prejudice.  See Ritza, 837 F.2d
20  at 368 n. 3.

---

[2] Defendants have attached a number of grievances Plaintiff filed while incarcerated, but none of said grievances seek the relief Plaintiff seeks in the current action, or demonstrate proper exhaustion pursuant to AR 740 necessary to survive dismissal in this forum. See Woodford v. Ngo, 126 S.Ct. at 2380.

[3] Plaintiff's Response concedes that the PLRA applies to the claims brought in the instant action. (See #9 at 9.)

7

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendants Clark County Detention Center, Sheriff Douglas Gillespie, Las Vegas Metropolitan Police Department's Motion to Dismiss (#5), to which Defendants Correctional Officer Neville, and Nevada Department of Corrections(#7) filed Motions for Joinder (##6, 7) is **GRANTED** without prejudice.

DATED this 27th day of September 2010.

_____
Kent J. Dawson
United States District Judge